1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   JAMES A. TURPIN,                                      Case No. 2:16-cv-01695-RFB-PAL

8                               Plaintiff,

9          v.                                            **SCREENING ORDER**

10   CAROLYN W. COLVIN, Acting                           (IFP App – ECF No. 1)
     Commissioner of Social Security,

11
                                Defendant.
12

13          Plaintiff James A. Turpin has submitted an Application to Proceed *In Forma Pauperis*

14   (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a Complaint (ECF No. 1-1).   This

15   Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)

16   and LR IB 1-3 of the Local Rules of Practice.

17   **I.      *IN FORMA PAUPERIS* APPLICATION**

18          Mr. Turpin's Application includes the affidavit required by § 1915(a) showing an inability

19   to prepay fees and costs or give security for them.   Accordingly, the request to proceed *in forma*

20   *pauperis* will be granted.   The court will now review the Complaint.

21   **II.    SCREENING THE COMPLAINT**

22          After granting a request to proceed *in forma pauperis*, a federal court must additionally

23   screen the complaint and any amended complaints filed prior to a responsive pleading.   *Lopez v.*

24   *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis*

25   complaints").   The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil

26   Procedure applies to all civil actions, with limited exceptions.   *Alvarez v. Hill*, 518 F.3d 1152, 1159

27   (9th Cir. 2008).   For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled

28   complaint must therefore provide "a short and plain statement of the claim showing that the pleader

1  is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S.

2  544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more

3  than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

4  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint "must contain

5  sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

6  defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

7        Federal courts are given the authority dismiss a case if the action is legally "frivolous or

8  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

9  a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for

10  determining whether a plaintiff has failed to state a claim upon which relief can be granted under

11  § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

12  claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is

13  essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578,

14  580 (9th Cir. 1983).  In considering whether a plaintiff states a valid claim, the court accepts as

15  true all material allegations in the complaint and construes them in the light most favorable to the

16  plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  When a court dismisses a

17  complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as

18  to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

19  not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

20        Here, Mr. Turpin's Complaint challenges a decision by the Social Security Administration

21  ("SSA") denying him disability insurance benefits under Title II of the Social Security Act.  *See*

22  Compl. (ECF No. 1-1) ¶ 3.  To state a valid benefits claim, a complaint must give the defendant

23  fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Starr*, 652 F.3d at

24  1216.  To do so, a complaint should state when and how a plaintiff exhausted his administrative

25  remedies with the SSA and the nature of his disability, including when he claims he became

26  disabled.  The complaint should also contain a short and concise statement identifying the nature

27  of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled

28  to relief.  Although this showing need not be made in great detail, it must be presented in sufficient

- 2 -

detail for the court to understand the disputed issues so that it can meaningfully screen the complaint.  *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

### A.   Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies.  42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's application for disability benefits, he/she can request reconsideration of the decision.  If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court.  *See* 20 C.F.R. §§ 404, 416.  A civil action for judicial review must be commenced within 60 days after the Appeals Council's notice of a final decision.  *Id.*  The action must be filed in the judicial district in which the plaintiff resides.  *Id.*

In this case, Mr. Turpin alleges that on May 16, 2016, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner.  *See* Compl. ¶ 8.  Thus, it appears he has exhausted his administrative remedies.  Mr. Turpin timely commenced this action as the Complaint was filed on July 18, 2016, and the Complaint indicates that he resides within the District of Nevada.  *See* Compl. ¶ 1.  Accordingly, Mr. Turpin has satisfied these prerequisites for judicial review.

### B.   Grounds for Mr. Turpin's Appeal and the Nature of the Disability

The Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether

the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Mr. Turpin contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion he is not disabled within the meaning of the Social Security Act; or (b) the Commissioner's finding that he could perform substantial gainful activity. *See* Compl. ¶ 9. Mr. Turpin asserts that the record supports a finding that he is disabled and has been continuously disabled at all relevant times. *Id.* ¶ 9(c). He also alleges that new evidence exists and warrants a remand of this matter for further proceedings. *Id.* ¶ 9(d).

However, Mr. Turpin has not stated the nature of his disability or alleged when it commenced, instead alleging only he "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *See* Compl. ¶ 5. Additionally, he merely alleges that the Commissioner's decision to deny him benefits was wrong, but he fails to indicate *why* the decision is wrong, other than by reciting the general standards that govern the court's review of the SSA's decision. *Id.* at ¶ 9. Rule 8's pleading standard requires more than a "formulaic recitation of the elements of a cause of action" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe plaintiff's disability is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cf. Starr*, 652 F.3d at 1216 (addressing post-*Iqbal* pleading standards and holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, Mr. Turpin's Complaint fails to state a claim upon which relief can be granted.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff James A. Turpin's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Mr. Turpin shall not be required to pay the filing fee of four hundred dollars ($400.00).

/ / /

2.  Mr. Turpin is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

3.  The Clerk of Court shall FILE the Complaint, but SHALL NOT issue summons.

4.  The Complaint is DISMISSED WITH LEAVE TO AMEND.  Mr. Turpin shall have until **August 26, 2016**, to file an amended complaint, if he believes he can correct the noted deficiencies.

5.  Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 28th day of July, 2016.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE