# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES A. TURPIN, | Case No. 2:16-cv-01695-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I.     INTRODUCTION

This case involves judicial review of administrative action by the Commissioner of Social Security determining that Plaintiff James A. Turpin's disability has ended under Section 223(f) of the Social Security Act. The Court has considered Plaintiff's motion for reversal, the Commissioner's cross-motion to affirm, and the Commissioner's response to Plaintiff's motion. ECF Nos. 18, 21, 23. For the reasons discussed below, the Court grants Plaintiff's motion and remands this matter to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for a reinstatement of benefits.

## II.    BACKGROUND

Plaintiff completed an application for disability insurance benefits on January 31, 2007. AR 154–56. On October 25, 2007, Plaintiff was found disabled as of December 15, 2006. AR 10.

On October 22, 2013, the Commissioner determined that Plaintiff's disability had ceased as of October 2013. AR 41–42. Plaintiff requested reconsideration of the cessation determination

on December 15, 2013, and again on December 31, 2013. AR 51, 53. A hearing was scheduled for April 16, 2014 at the Las Vegas Disability Determination Office and Plaintiff failed to appear. AR 65, 71. The Disability Hearing Officer found that Plaintiff was not disabled on April 25, 2014 and the Commissioner denied reconsideration on February 24, 2014. AR 74–79; 80–83.

Plaintiff requested a de novo hearing before an Administrative Law Judge on July 28, 2014. AR 89, 91–92, 94. On December 22, 2014, ALJ Norman Bennett found that good cause existed to excuse Plaintiff's late request for hearing. AR 100.

On April 16, 2015, Plaintiff appeared for a scheduled hearing before ALJ Christopher R. Daniels. AR 35–40. The ALJ postponed the hearing for a psychological consultative examination. AR 39. On November 10, 2015, Plaintiff appeared for the rescheduled hearing. AR 25–34.

The ALJ published an unfavorable decision on December 28, 2015. AR 7–24. The ALJ followed the eight-step sequential evaluation process for a determination of continued disability set forth at 20 C.F.R. § 404.1594. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity through October 1, 2013, the date Plaintiff's benefits were terminated. AR 12. At step two, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 12–13. Regarding the Paragraph B criteria, the ALJ found that Plaintiff has mild restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties with concentration, persistence or pace. AR 12. Regarding the Paragraph C criteria, the ALJ found that Plaintiff has experienced one to two episodes of decompensation, each of extended duration. AR 12.

At steps three and four, the ALJ found that, as of October 1, 2013, Plaintiff has experienced a decrease in the medical severity of his impairments and that these improvements are related to his ability to work. AR 13, 17. The analysis therefore proceeded to step six, where the ALJ determined that Plaintiff's current impairments in combination are severe. AR 17. At step seven, the ALJ found that Plaintiff has no past relevant work and that, as of October 1, 2013, Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: he is able to perform unskilled work; he is able to interact occasionally with coworkers and supervisors, but is unable to interact with the general

public; and he is able to adapt to routine work changes. AR 13–17. At the last step, the ALJ determined that Plaintiff can perform a significant number of jobs in the national economy, including occupations such as kitchen helper, hand packer, and cleaner/janitor. AR 17–18. The ALJ concluded that Plaintiff's disability ended as of October 1, 2013 and that he has not become disabled again. AR 18.

Plaintiff requested that the Appeals Council review the decision on February 26, 2016. AR 5–6. The Appeals Council denied the request for review on May 16, 2016. AR 1–3.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

A claimant receiving disability benefits from Social Security is no longer entitled to benefits when substantial evidence demonstrates medical improvement such that the claimant has

become able to engage in substantial gainful activity. Attmore v. Colvin, 827 F.3d 872, 873 (9th Cir. 2016). The ALJ determines whether there has been medical improvement by "compar[ing] the current medical severity of the claimant's impairment to the medical severity of the impairment at the time of the most recent favorable medical decision that the claimant was disabled or continued to be disabled." Id. (quoting 20 C.F.R. § 404.1594(b)(7)) (internal quotation marks and alterations omitted). The Social Security Act has established an eight-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1594. Here, the ALJ resolved Plaintiff's claim at step eight with a determination that Plaintiff could perform jobs available in the national economy given his RFC as of October 1, 2013.

## IV. DISCUSSION

### A. Failure To Establish Appropriate Baseline For Comparison

Plaintiff first argues that the ALJ erred at step three of the analysis, which requires the ALJ to determine whether medical improvement has occurred. Plaintiff argues that the ALJ makes no findings related to the Commissioner's November 11, 2007 determination that Plaintiff was eligible for benefits. Without a point of comparison, Plaintiff argues, the ALJ could not appropriately conduct the comparative analysis required by 20 C.F.R. § 404.1594(b)(1).

Where a claimant is found disabled in one decision and, in a later decision, found to be medically improved, the "comparison is straightforward." Attmore, 827 F.3d at 876. "[T]he most recent favorable medical decision is an earlier decision, and the severity of the claimant's impairment at the time of that decision provides the relevant baseline for comparison." Id. (internal quotation marks omitted). "In other words, the relevant baseline normally is the medical evidence underlying the ALJ's most recent disability determination." Id. This medical improvement standard was enacted by Congress "as a safeguard against the arbitrary termination of benefits." Id.

The ALJ did not undergo a comparative analysis because the ALJ failed to identify a reference point substantiated by the record. The ALJ summarily stated Plaintiff's medically determinable impairments and RFC at the time of the favorable medical decision dated November

11, 2007. The ALJ did not cite to the medical record in making these statements. Upon reviewing the record, the Court finds that the ALJ's statements do not track the agency's medical assessment by Craig A. Smith, M.D., dated October 25, 2007, which the Commissioner identifies as the clear basis of the November 11, 2007 reconsideration determination. See AR 301–16; ECF No. 21 at 2. Dr. Smith concluded that Plaintiff had bipolar disorder and a personality disorder and that Plaintiff was not able to maintain concentration, persistence, or pace on a competitive basis. AR 302. In contrast, the ALJ stated that at the time of the favorable medical decision, Plaintiff had affective disorder, a history of alcohol abuse, and probable personality disorder and stated that Plaintiff had the RFC "to understand, remember and carry out simple instructions, but with occasional interruptions of thought processes; he had significant difficulty maintaining appropriate workplace relationships; and difficulty maintaining employment secondary to poorly controlled mood disorder symptoms." AR 12. There is no record of the actual favorable medical decision dated November 11, 2007 with corresponding analysis.

To the extent such records are not available, the ALJ should have conducted the initial disability analysis anew based on medical evidence of Plaintiff's condition as of 2007 to properly compare Plaintiff's past RFC to his current RFC. Absent either (1) a record outlining a prior disability analysis for Plaintiff's 2007 favorable medical decision or (2) a renewed analysis of Plaintiff's 2007 RFC supported by substantial medical evidence, the ALJ lacked a viable reference point to properly conduct step three of the analysis. Without a viable and identified reference point for comparison, the Court finds that the ALJ necessarily could not find and thus failed to find medical improvement supported by substantial evidence.

Finally, as noted, the ALJ's recitation of Plaintiff's condition as of the award of benefits in 2007 was inconsistent with and not supported by the most relevant medical diagnosis at the time, which was that of Dr. Smith. Thus, even the ALJ's attempt to recapture the nature and extent of Plaintiff's impairment at the time benefits were awarded was flawed and cannot support the later decision to terminated benefits.

**B. Improper Reliance On Failure to Comply**

Plaintiff argues that mental impairments are often undertreated and that the ALJ erred in

his reliance on Plaintiff's failure to comply with treatment. AR 11. The ALJ referenced Plaintiff's noncompliance with treatment recommendations frequently throughout his opinion. AR 13, 14, 15, 16. The ALJ noted that he considered Plaintiff's noncompliance to be a credibility factor rather than a basis for his decision. AR 14.

The ALJ improperly relied upon Plaintiff's noncompliance as relevant to Plaintiff's credibility. In cases where a claimant complains of disabling pain, failure to seek treatment or comply with a treatment plan "may be probative of credibility, because a person's normal reaction is to seek relief from pain, and because modern medicine is often successful in providing some relief." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007). "But in the case of impairments where the stimulus to seek relief is less pronounced, and where medical treatment is very unlikely to be successful, the approach to credibility makes little sense." Id.

Plaintiff has a long history of bipolar disorder. He testified that his medications are not helpful and in fact increase his anxiety. AR 30; see also AR 253 (where Plaintiff reported taking his medications "faithfully, as directed, but feels they are providing no benefit"). Throughout the medical record, Plaintiff expresses a fear of taking medications, a dislike of doctors, and a resistance to psychiatric case. E.g., AR 340, 365. Noncompliance with treatment is entirely consistent with Plaintiff's diagnosis and alleged symptoms. See Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[A]ppellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." (citation omitted)). Given Plaintiff's self-described stress, anxiety, and discomfort around other people as a result of his bipolar disorder, as well as his statements that medication has not helped his symptoms, the ALJ erred in using evidence of noncompliance with prescribed treatment and failure to seek additional mental health treatment to discredit Plaintiff.

To the extent the ALJ suggested throughout the decision that he based his decision at least in part on Plaintiff's noncompliance, the ALJ may not do so without determining that Plaintiff's impairments preclude him from engaging in substantial gainful activity and that prescribed treatment would be clearly expected to restore Plaintiff's capacity to engage in substantial gainful

activity.  SSR 82-59.  The ALJ made no such findings.

### C. Little Weight Given To VA rating

Plaintiff argues that the ALJ erred in giving little weight to the VA's finding that Plaintiff is disabled.  On July 7, 2007, the Department of Veterans Affairs ("VA") granted Plaintiff's claim for entitlement to nonservice-connected pension, finding that Plaintiff was unable to work due to bipolar disorder and personality disorder.  AR 173–74.

Due to "the marked similarity between these two federal disability programs," "an ALJ must ordinarily give great weight to a VA determination of disability."  McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  Though the disability criteria are not identical, "[t]he VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework."  Id.  Thus, the ALJ must give "persuasive, specific, valid reason . . . that are supported by the record" for giving less weight to a VA disability rating.  Id.

The ALJ provided two reasons for giving the VA's disability rating little weight: (1) little evidence of treatment since 2007 and (2) poor compliance with treatment and medications.  For the reasons discussed above, Plaintiff's failure to seek and comply with treatment is not in any way inconsistent with his bipolar diagnosis and resultant limitations.  Moreover, despite limited treatment since 2007, the record includes a documented visit to Plaintiff's treating psychiatrist in January 2014, AR 364–73, an opinion letter from his treating psychiatrist in February 2015, AR 412, and a consultative examination and medical source statement in June 2015, AR 414–18, 420–22.  The ALJ did not suggest that this record was too sparse to adequately determine Plaintiff's RFC.  Therefore, neither the shortage of post-2007 medical records nor Plaintiff's reluctance to seek treatment are persuasive, specific, or valid reasons for giving the VA's determination of disability little weight.

### D. Little Weight Given To Treating Physicians

Plaintiff argues that the ALJ erred in giving little weight to the opinion letter prepared by Plaintiff's treating psychiatrist, Claudia Taccir-Macias, M.D.  The ALJ found that Dr. Taccir-Macias's letter was conclusory, unsupported by the record, and failed to address the effects of Plaintiff's poor compliance on his overall mental condition.  AR 16.

When reviewing the weight assigned to various physicians' opinions and conflicts between opinions, the Ninth Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight . . . even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

Dr. Taccir-Macias's letter is brief, but it is not conclusory; she supports her conclusion that Plaintiff is unable to engage in gainful activity with her observations that his bipolar disorder affects his concentration, ability to relate to others, ability to sleep or eat properly, and overall ability to function. AR 412. These observations and conclusions are consistent with her treatment notes from January 2014, which record Plaintiff's severe sleep difficulties, irritated affect, overwhelming psychosocial problems, self-reported inability to complete tasks, and overall GAF score of 45. AR 364–70. They are also consistent with the June 2015 consultative examination, which notes Plaintiff's high borderline range concentration, his history of poor workplace relationships, his poor sleep schedule and appetite, and an overall poor prognosis. AR 414–18. To the extent Dr. Taccir-Macias's letter is inconsistent with the 2015 consultative examination or any other medical records from non-treating sources, the ALJ nevertheless must credit Dr. Taccir-Macias's opinion absent specific and legitimate reasons supported by substantial evidence in the record, which the ALJ did not provide. Lastly, the ALJ did not explain why Dr. Taccir-Macias would need to address Plaintiff's poor compliance in her opinion letter in order to be credible,

particularly considering a lack of evidence or findings that Plaintiff's mental condition would improve with additional treatment.

### E. Remand

The ALJ's decision is not supported by substantial evidence. Because the ALJ failed to make findings supported by the medical record regarding Plaintiff's RFC in 2007, the ALJ failed to make a meaningful determination of medical improvement. The ALJ came to improper conclusions regarding Plaintiff's failure to seek continued mental health treatment and improperly discredited the VA's disability determination and the treating psychiatrist's opinion.

Plaintiff is continually entitled to his disability benefits awarded in 2007 absent a substantial showing of medical improvement in accordance with the eight-step process set forth at 20 C.F.R. § 404.1594. See 42 U.S.C. 423(f). Because the Commissioner has not met its burden, this case is remanded for a reinstatement of benefits.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for a reinstatement of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED** this 27th day of October, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**